IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 0:24-cv-61334-LEIBOWITZ

**INTRA MANAGEMENT SOLUTIONS, INC.,**

    *Plaintiff,*

v.

**ERIC SCHNAIRSOHN,**

    *Defendant.*
_____/

## **TEMPORARY RESTRAINING ORDER**

THIS CAUSE comes before the Court on Plaintiff Intra Management Solutions, Inc.'s ("IMS") Expedited Motion for a Preliminary Injunction [ECF No. 5], which this Court has interpreted as a Motion for a Temporary Restraining Order pursuant to Fed. R. Civ. P. 65(b) [ECF No. 8].

For the reasons stated on the record at the August 2, 2024, hearing [ECF No. 17], the Motion for a Temporary Restraining Order ("the Motion") [**ECF No. 5**] is **GRANTED in part and DENIED in part.**[1] The Court's partial granting of the Motion is supported by the uncontested facts contained within the Motion, Declarations, and attached Exhibits. [ECF Nos. 1-1 to 1-21; 8-1 to 8-2; 12-2 to 12-3; 14-1 to 14-2]. This Court is granting the Motion as to Count I[2] (Defamation *Per Se* and *Per Quod*), Count II (Tortious Interference – Customers), and Count III (Tortuous Interference with Business Relations – Employees).

---

[1] This Court granted the Motion for a Temporary Restraining Order in part at the hearing on August 2, 2024, at approximately 3:17 p.m. [*See* ECF No. 17].

[2] This Order modifies the basis for the Temporary Restraining Order as stated on the record at the August 2, 2024, hearing only to the extent that it grants in part the Motion as to Count I in addition to Counts II and III.

This Temporary Restraining Order, as it relates to Count I, meets the limited exception to the rule prohibiting injunctions on defamation because the alleged defamation in this case was made in furtherance of the commission of the tortious interference. *See Chevaldina v. R.K./FL Mgmt., Inc.*, 133 So. 3d 1086, 1090 (Fla. Dist. Ct. App. 2014) (allowing injunctions for defamatory statements where the "defamatory words are made in the furtherance of the commission of another intentional tort").

"Under Florida law, to state a claim for defamation—libel or slander—the plaintiff must allege that: (1) the defendant published a false statement; (2) about the plaintiff; (3) to a third party; and (4) that the falsity of the statement caused injury to the plaintiff." *Rubinson v. Rubinson*, 474 F. Supp. 3d 1270, 1274 (S.D. Fla. 2020). "A published statement is libelous *per se* if: (1) it charges that a person has committed an infamous crime; (2) it charges a person with having an infectious disease; (3) it tends to subject one to hatred, distrust, ridicule, contempt, or disgrace; or (4) it tends to injure one in his trade or profession." *Klayman v. Jud. Watch, Inc.*, 22 F. Supp. 3d 1240, 1247 (S.D. Fla. 2014), *aff'd* (Feb. 17, 2015) (citations and quotation marks omitted). "Infamous crimes" for purposes of libel include felonies, and any crimes "punishable by imprisonment[.]" *Id.* at 1247 n.3 (citing *Mackin v. United States*, 117 U.S. 348, 350–51, (1886); *Bannon v. United States*, 156 U.S. 464, 466 (1895)).

Here, Plaintiff established that it is likely to succeed on the merits for Count I. Schnairsohn has contacted current and former employees of IMS, clients of IMS, and posted publicly on LinkedIn about alleged illegal activities at IMS including drug usage and trafficking and sexual and racial harassment. [ECF Nos. 1-1 to 1-21; 8-1 to 8-2; 12-2 to 12-3; 14-1 to 14-2]. Defendant's statements likely constitute libel *per se* because they charge that IMS and its employees are involved in drug trafficking, an infamous crime, and the statements tend to injure IMS's trade. At this stage, the Court credits the Plaintiff's Declarations that the subject-matter of Defendant's publications is false. Plaintiff has shown that some of these published statements, for example, have proximately caused a new hire to retract her acceptance of employment with IMS and were serious enough for an IMS client to reach

out with questions regarding Schnairsohn's allegations. The reputational harm (and potential harm to goodwill) Schnairsohn has caused Plaintiff outweighs any nominal harm that would ensue by preventing Schnairsohn from contacting parties associated with the Plaintiff for the period of this Temporary Restraining Order. Finally, this Court finds on this record that it is in the public interest to prevent a former employee from damaging the reputation and interfering in the business relationships of his former employer. All four factors for a Temporary Restraining Order have thus been met as to Count I, in addition to Counts II and III as stated on the record at the hearing.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. DEFENDANT ERIC SCHNAIRSON, as well as any agent or other person who is in active concert or participation with DEFENDANT having actual notice of this Order,[3] is hereby temporarily restrained and enjoined from contacting or communicating with (by any means or medium of communication) any competitors, customers, clients, vendors, employees, former employees, or applicants of PLAINTIFF INTRA MANAGEMENT SOLUTIONS, INC.

2. DEFENDANT ERIC SCHNAIRSON, as well as any agent or other person who is in active concert or participation with DEFENDANT ERIC SCHNAIRSON having actual notice of this Order, shall PRESERVE all documents (hard copy or electronic, originals and all copies), including but not limited to posts on social media platforms such as LinkedIn and Instagram, text messages, messaging, emails and letters sent or posted to the public at large and/or to any competitors, customers, clients, vendors, employees, former employees, or applicants of PLAINTIFF INTRA MANAGEMENT SOLUTIONS, INC., and certify to the Court that he has done so **within three (3) days of the date of this Order.**

---

[3] This Order does not apply to any attorney of record in this case.

3. PLAINTIFF INTRA MANAGEMENT SOLUTIONS, INC., shall post a bond pursuant to Rule 65(c) of the Federal Rules of Civil Procedure in the amount of five thousand dollars ($5,000.00) as payment of damages to which Defendant may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court. In the Court's discretion, the bond may be subject to increase in the interest of justice. Bond shall be posted **no later than August 9, 2024.**

4. This Order shall remain in effect until the date for the Hearing on a Motion for Preliminary Injunction set forth below, or until such further date as set by the Court or stipulated by the parties.

5. A Hearing on a Motion for Preliminary Injunction is scheduled for **Friday, August 16, 2024, at 10:00 a.m.** Counsel of record must appear in person at Courtroom 202A, United States Federal Building and Courthouse, 299 E. Broward Boulevard, Fort Lauderdale, Florida 33301. At the Hearing the Defendant and/or any other affected persons may challenge the appropriateness of this Order and move to dissolve the same, and the Court will hear evidence and argument on any requested preliminary injunction. Any motion, proposed injunction, memoranda, briefing, evidence, exhibits, or names of witnesses to be examined at the hearing shall be filed and served (with two courtesy copies of any exhibits and witness lists to be provided to the Court's chambers) **no later than Friday, August 9, 2024.** Any responses or opposition must be filed and served **by Tuesday, August 13, 2024**. These dates may be revised upon stipulation of the parties and approval of the Court. If necessary, the parties may also move for an extension of time.

6. The Court, at the parties' request, may authorize expedited discovery to aid the preliminary injunction hearing. *See Bostwick Lab'ys, Inc. v. Farley*, No. 14-CIV-60316, 2014 WL 12580031,

at *2 (S.D. Fla. May 16, 2014) (describing the factors for a Court to find good cause to grant expedited discovery).

7. DEFENDANT ERIC SCHNAIRSON is hereby on notice that failure to appear at the Hearing may result in the imposition of a preliminary injunction against him pursuant to Rule 65 of the Federal Rules of Civil Procedure, the All Writs Act, 28 U.S.C. § 1651(a), and this Court's inherent authority.

**DONE AND ORDERED** in the Southern District of Florida on August 2, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record