UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-cv-61334-LEIBOWITZ

**INTRA MANAGEMENT SOLUTIONS, INC.**,

    *Plaintiff,*

v.

**ERIC SCHNAIRSOHN**,

    *Defendant.*

_____/

**ORDER**

    **THIS CAUSE** is before the Court on Plaintiff's Motion to File Certain Preliminary Injunction Hearing Exhibits Under Seal (the "Motion"). [ECF No. 46], filed on September 3, 2024. On July 26, 2024, Plaintiff Intra Management Solutions, Inc. ("Plaintiff") filed an Expedited Motion for a Preliminary Injunction, which this Court interpreted as a motion for a temporary restraining order. [ECF Nos. 5, 6]. After a hearing on August 2, 2024, this Court granted Plaintiff's request for a temporary restraining order and set a preliminary injunction hearing for September 11, 2024. [ECF Nos. 18, 24].

    In advance of the September 11, 2024, hearing, the Plaintiff wishes to file certain exhibits under seal, claiming that the exhibits contain language and content from Defendant Eric Schnairsohn ("Defendant") "that demonstrates harassing, coercive, threatening, and defamatory behavior and implicates several individuals who are not a party to the current lawsuit, including names of current, former and prospective employees and information for the clients and customers of IMS, including contact information for many of whom are employed as federal contractors

through the Dept. of Defense or Dept. of Energy." [ECF No. 46 at 2]. The Court has reviewed this Motion and, for the reasons described below, the Motion is GRANTED.

In the United States of America, the presumption is that litigation happens in the sunlight for all the public to see. "[T]he common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citing *Richmond Newspapers, Inc., v. Virginia*, 448 U.S. 555, 564-74 (1980)). "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *See Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992). All court filings are thus presumptively a matter of public record and cannot be kept from the public absent specific legal authority or court order. S.D. Fla. L.R. 5.4(a) ("Unless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record."); *see Emess Capital, LLC v. Rothstein*, 841 F. Supp. 2d 1251, 1254 (S.D. Fla. 2012). While discovery materials are excepted from this presumptive right of access, materials filed in connection with a substantive pretrial motion are subject to it. *See Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1362 (11th Cir. 2021) (citing *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007).

When examining whether information should be kept from the public, the Eleventh Circuit requires district courts to balance the interests of those requesting the order. *See Farnsworth v. Proctor & Gamble*, 758 F.2d 1545, 1547 (11th Cir. 1985). "Courts have discretion to determine which portions of the record, if any, should remain under seal, and this discretion is to be exercised in light of the relevant facts and circumstances of the particular case.'' *Perez-Gurrero v. U.S. Attorney Gen.*, 717 F. 3d 1224, 1235 (11th Cir. 2013) (internal quotations marks omitted). In

balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, (1) whether allowing access would impair court functions or harm legitimate privacy interests; (2) the degree of and likelihood of injury if made public; (3) the reliability of the information; (4) whether there will be an opportunity to respond to the information; (5) whether the information concerns public officials or public concerns; and (6) the availability of a less onerous alternative to sealing the documents. *See Romero*, 480 F.3d at 1246 (citing *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 256 (11th Cir. 1987)).

Plaintiff wishes to file certain exhibits under seal because they include the names of current, former, and prospective employees, client and customer information, and include generally defamatory statements from the Defendant about the Plaintiff. [ECF No. 46 at 2]. The Plaintiff claims that sealing these exhibits will "ensure the protection of the current employees, former employees, and clients of IMS who are mentioned in these exhibits, as well as prevent further reputational harm and damage to its business relationships[.]" [*Id.*]. After a review of the exhibits which Plaintiff seeks to seal, this Court finds that public access to the documents <u>before the evidentiary hearing on a preliminary injunction</u> may harm the Plaintiff's business reputation and legitimate privacy interests. Additionally, the underlying accusations of the Defendant are against private individuals, and as such, the public interest is less than if the accusations were regarding public officials. The potential harm to the Defendant is minimal because the Defendant will have an adequate opportunity to respond to the information at the preliminary injunction hearing set for September 11, 2024.

Accordingly, this Court finds good cause to allow Plaintiff to file the exhibits under seal. However, this Court may revisit its decision after the preliminary injunction hearing.

For the reasons stated above, it is **ORDERED AND ADJUDGED** that the Motion [**ECF No. 46**] is **GRANTED**. Plaintiff may file Exhibits B-D, F, J-L, N-O, Q-Z, BB, DD-GG, and II (PI Hearing IMS-000002-4, 6, 10-12, 14-15, 17-28, 30, 34-67, 82-83) under seal.

**DONE AND ORDERED** in the Southern District of Florida on September 4, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record