UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-61334-DSL/PAB

INTRA MANAGEMENT SOLUTIONS, INC.

Plaintiff

v.

ERIC SCHNAIRSOHN,

Defendant
_____/

**DEFENDANT's EXPEDITED MOTION FOR RECONSIDERATION
OF ORDER GRANTING EMERGENCY MOTION (DE 53)
AND MOTION FOR PROTECTIVE ORDER**

Defendant Eric Schnairsohn, by and through his undersigned counsel hereby seeks a reconsideration of this Court's Emergency Order entered in this matter for a Protective Order and states as follows:

1. The deposition of Eric Schnairsohn is being taken the afternoon of September 6, 2024.

2. Prior to the deposition of the Defendant at no time did Plaintiff or its counsel advise that it planned on having other material witnesses in this matter attend the deposition of the Defendant or any other deposition in this matter. Had the undersigned been advised, Defendant would have filed for a protective order.

3. When the deposition first started by ZOOM on September 6, 2024 at 1:00 pm, the Corporate Representative of Plaintiff Matt Wojciechowski appeared with his wife Lori Wojciechowski the former CEO of the Plaintiff. Based upon the undersigned's objection, she was purportedly excluded from the deposition room.

4. Apparently, during the course of this deposition at 3:47 pm, the Plaintiff law firm

filed this "Emergency" Motion.  Because the deposition has been going on of the undersigned's client, the undersigned was not even aware of said Motion until this Court had already entered an Order at 4:33 pm. The undersigned has been defending my client's deposition.   Notably, at no point in time was any briefing schedule issued and the undersigned was provided no opportunity to respond to this Motion.  What is even more concerning is that 2-3 Motions have been filed by the Plaintiff in this matter,  and as with this case, no briefing schedule was provided, and this Court continues to rule on matters without providing any opportunity for the Defendant to respond at all (even where not styled as expedited or emergency).  This is violative of the Defendant's due process rights. When the undersigned filed an "expedited" motion, this court issued an expedited briefing schedule giving the Plaintiff an opportunity to respond.  With the Plaintiff's Motion to Seal, Motion to Compel Depositions and Motion to Permit Lori Wojciechowski to appear at deposition, this Court provided no briefing schedule or any opportunity for Defendant or his counsel to even respond and merely ruled having only heard one side of the story.  Should the undersigned be expected to respond to Motions being filed in this matter while he is defending the deposition of his client?  That is certainly not reasonable.  This Court could have set a quick phone or zoom hearing and permitted everyone to appear and be heard on these issues.

5.   Lori Wojciechowski should be excluded from this deposition and any further depositions in this matter.  She is a material witness, former CEO of the Plaintiff,  filed affidavits in this case, and is listed as a witness by the undersigned for the upcoming emergency injunction hearing.  She certainly would be subject to the rule of sequestration at any trial or evidentiary hearing in this matter, had the undersigned ever been advised

that she would also be attending the deposition. Had the undersigned ever been advised she was attending the undersigned would have filed the required motion for protective order. Had the undersigned been giving any opportunity to respond to the "Emergency Motion" the undersigned would have advised this Court of this information.

WHEREFORE, the undersigned counsel requests an order reconsidering its emergency order (D.E. 53), that a protective order be entered to preclude Lori Wojciechowski from any further depositions in this matter, the undersigned also requests that none of the Plaintiff's Motions be ruled upon in the future without actually providing a briefing schedule and the undersigned an opportunity to respond to them and for any other relief this Court deems just and proper under the circumstances.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been e-mailed this 6 day of September 2024 :Gina Marie Cadogan, Esq., Cadogan Law, 300 S. Pine Island Road, Suite 107, Plantation, FL 33324.

Behren Law Firm
1930 N. Commerce Parkway-Suite 4
Weston, FL 33326
(954) 636-3802 - phone
(772) 252-3365 - fax
scott@behrenlaw.com

By:/Scott M. Behren/
   Scott M. Behren
   Fla Bar No. 987786