UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-cv-61334-LEIBOWITZ

**INTRA MANAGEMENT SOLUTIONS, INC.,**

    *Plaintiff,*

v.

**ERIC SCHNAIRSOHN,**

    *Defendant.*

_____/

## STIPULATED AND AGREED ORDER

THIS CAUSE comes before the Court on Plaintiff Intra Management Solution, Inc.'s ("IMS" or "Plaintiff") Motion for Preliminary Injunction against Defendant, ERIC SCHNAIRSOHN ("SCHNAIRSOHN" or "Defendant") [ECF No. 5], filed on July 26, 2024 ("the Motion"); the Parties' Agreed Order of Preliminary Injunction [ECF No. 57], filed on September 9, 2024; the Joint Motion to Decide Motion for Sanctions or Contempt on the Papers and Cancel Evidentiary Hearing Scheduled for September 11, 2024 [ECF No. 58], filed on September 9, 2024; and the Joint Motion to Schedule Mediation to Occur by No Later Than September 30, 2024 and Stay Discovery [ECF No. 59], filed on September 9, 2024.  The Parties have stipulated and agreed as follows:

    1.    On August 2, 2024, the Court issued an Order granting in part and denying in part Motion for Temporary Restraining Order [ECF No. 18] (the "Order"), granting the Motion as to Count I (Defamation Per Se and Per Quod), Count II (Tortious Interference – Customers), and Count III (Tortuous Interference with Business Relations – Employees).

    2.    In pertinent part, the Order [ECF No. 18] at Sections 1 and 2 imposed the following orders, restraints, and injunctions on Defendant:

1. DEFENDANT ERIC SCHNAIRSON, as well as any agent or other person who is in active concert or participation with DEFENDANT having actual notice of this Order,[3] is hereby temporarily restrained and enjoined from contacting or communicating with (by any means or medium of communication) any competitors, customers, clients, vendors, employees, former employees, or applicants of PLAINTIFF INTRA MANAGEMENT SOLUTIONS, INC.

2. DEFENDANT ERIC SCHNAIRSON, as well as any agent or other person who is in active concert or participation with DEFENDANT ERIC SCHNAIRSON having actual notice of this Order, shall PRESERVE all documents (hard copy or electronic, originals and all copies), including but not limited to posts on social media platforms such as LinkedIn and Instagram, text messages, messaging, emails and letters sent or posted to the public at large and/or to any competitors, customers, clients, vendors, employees, former employees, or applicants of PLAINTIFF INTRA MANAGEMENT SOLUTIONS, INC., and certify to the Court that he has done so <u>within three (3) days of the date of this Order.</u>

3. The Court scheduled an in-person evidentiary hearing on Plaintiff's Motion for Preliminary Injunction for September 11, 2024. [ECF No. 24]. In order to resolve the issues in the case, the Parties have stipulated and agreed to the entry of this Order.

4. Federal Rule of Civil Procedure 65(a) authorizes the Court to enter a preliminary injunction. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S 423, 439 (1974). "The purpose of a preliminary injunction is to prevent irreparable injury to preserve the court's ability to render a meaningful decision on the merits." *United States v. Alabama*, 791 F.2d 1450, 1459 (11th Cir. 1986) (citation omitted).

5. The parties stipulate and agree that this Order meets all of the requirements set forth in Rule 65 of the Federal Rules of Civil Procedure and that the four factors needed to justify the entry of a preliminary injunction in favor of the Plaintiff and against Defendant have been met. *See Vital Pharms., Inc. v. Alfieri*, 23 F.4th 1282, 1290–91 (11th Cir. 2022); *Schiavo ex rel.*

*Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005).

6. The following Preliminary Injunction will be entered against Defendant SCHNAIRSOHN:

   i. SCHNAIRSOHN shall refrain from interfering with or encouraging breaches of any of the restrictive covenants entered into by any of IMS's employees whom he knows, should know, or is made aware that they are bound by restrictive covenants. IMS hereby notifies SCHNAIRSOHN that all of IMS' employees, including its executives, are bound by these restrictive covenants.

   ii. SCHNAIRSOHN may lawfully compete in any business of his choice, including the posting of job positions or opportunities to the public at large, so long as he abides by this Agreed Order of Preliminary Injunction. In connection with SCHNAIRSOHN's efforts to lawfully compete with IMS, he may communicate to IMS' current or former employees who respond to his job postings, so long as he abides by this Agreed Order of Preliminary Injunction. Defendant may communicate with clients and/or vendors of Plaintiff to the extent that they have positions that need to be filled through SCHNAIRSOHN's services or may need positions filled in the future.

   iii. SCHNAIRSOHN, and his agents or any other persons acting under his control or supervision or in concert or association with him, shall not contact or communicate with (by any means or medium of communication, either verbally or in writing, by posts, email, LinkedIn, social media, internet source or any electronic application) any competitors, customers, clients, vendors, employees, former employees or applicants of IMS that reference, state, or infer that:

       a) IMS' President or IMS' Chief Executive Officer directed SCHNAIRSOHN to provide any prescription drugs, including Xanax,

     or any "illegal drugs" to either the President or CEO;

    b) IMS' President or CEO participated in or engaged in any "illegal drug use";

    c) IMS, or its President or CEO, participated in or engaged trafficking of any prescription, non-prescription or illegal drugs;

    d) IMS, or its President or CEO, had "drug ties";

    e) IMS, its President or CEO, is or has been investigated for drug use, trafficking or distribution;

    f) Any of IMS' employees are being investigated for stalking and/or sexual harassment;

    g) Any of IMS' employees is a "sexual predator"; or

    h) Any of IMS' employees is a "racist" or made "racist remarks".

iv. SCHNAIRSOHN, and his agents or any other persons acting under his control or supervision or in concert or association with him, shall refrain from representing to any individual or entity that he still is employed by or affiliated with IMS in any manner.

v. SCHNAIRSOHN, and his agents or any other persons acting under his control or supervision or in concert or association with him, shall return to IMS all physical and electronic property belonging to IMS, including all confidential and proprietary information and résumés received by IMS that SCHNAIRSOHN forwarded to himself or agents or otherwise electronically or physically retained.

vi. SCHNAIRSOHN, and his agents or any other persons acting under his control or supervision or in concert or association with him, shall retain (and not destroy) and produce all documents (including but not limited to videos, posts, emails, social media

4

posts on all platforms) that reference, state or infer that:

    a) IMS' President or its CEO directed SCHNAIRSOHN to provide any prescription drugs, including Xanax, or any "illegal drugs" to either the President or CEO;

    b) IMS' President or CEO were involved in any "illegal drug use";

    c) IMS, or its President or CEO were involved in trafficking of any prescription, non-prescription or illegal drugs;

    d) IMS, or its President or CEO had "drug ties";

    e) IMS, its President or CEO is or has been investigated for drug use, trafficking or distribution;

    f) Any of IMS' employees are being investigated for stalking and/or sexual harassment;

    g) Any of IMS; employees is a "sexual predator";

    h) Any of IMS' employees is a "racist" or made "racist remarks"; and

    i) All communications with current employees, former employees, or prospective employees related to or regarding subsections 6.iii(a-h).

vii. Litigation privilege may apply to statements made or filed in this Action. *See Diamond Resorts Int'l, Inc. v. Aaronson*, 371 F. Supp. 3d 1088, 1110–11 (M.D. Fla. 2019). Any determination of whether litigation privilege may apply to any statement shall be determined by the Court upon proper preservation and presentation of a claim of privilege by a party.

viii. This Agreed Order of Preliminary Injunction does not prevent SCHNAIRSOHN from communicating with or responding to any federal or state law enforcement agencies.

    ix.       This Agreed Order of Preliminary Injunction will stay in effect until the conclusion of the underlying lawsuit, Case No. 0:24-cv-61334-DSL, pending in the United States District Court in the Southern District of Florida.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Agreed Order of Preliminary Injunction [**ECF No. 57**] is **RESOLVED** as modified herein.  Any objections to this Agreed Order of a Preliminary Injunction shall be filed no later than **Wednesday, September 11, 2024**.

2. The Joint Motion to Decide Motion for Sanctions or Contempt on the Papers and Cancel Evidentiary Hearing Scheduled for September 11, 2024 [**ECF No. 58**] is **GRANTED in part**.  The hearing set for September 11, 2024, is CANCELLED.  Defendant shall have until September 20, 2024, to respond to the Motion for Contempt [ECF No. 28].  Thereafter, this Court will alert the parties whether a hearing on the Motion will be held.

3. The Joint Motion to Schedule Mediation to Occur by No Later Than September 30, 2024 and Stay Discovery [**ECF No. 59**] is **GRANTED.**  The parties are ORDERED to complete mediation **no later than September 30, 2024.**  Discovery is STAYED until October 1, 2024.

**DONE AND ORDERED** in the Southern District of Florida on September 10, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record