UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-cv-61334-DSL/PAB

INTRA MANAGEMENT SOLUTIONS,
INC.,
     Plaintiff,

v.

ERIC SCHNAIRSOHN,
     Defendant.

_____/

### PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO MOTION TO ENFORCE THE CONFIDENTIAL SETTLEMENT AGREEMENT AND FOR SANCTIONS

COMES NOW, INTRA MANAGEMENT SOLUTIONS, INC. ("IMS") files its Reply to Defendant, ERIC SCHNAIRSOHN's ("SCHNAIRSOHN") Response to Motion to Enforce the Confidential Settlement Agreement and for Sanctions, and states as follows:

### I.    BRIEF SUMMARY

This Court has ancillary jurisdiction to enforce the Confidential Settlement Agreement, as such enforcement is incidental to other matters properly before this Court. In exercising its enforcement powers, this Court will find that SCHNAIRSOHN indeed violated the confidentiality and disparagement provisions of the Confidential Settlement Agreement despite SCHNAIRSOHN's purported justifications that directly contradict the plain and binding terms therein. Having engaged in conduct that was intentional,

1

unjustified, and in willful disregard of the Confidential Settlement Agreement, SCHNAIRSOHN cannot now invoke the litigation privilege as a shield for his misconduct.

## I.     ARGUMENT

### A. Public Policy and Judicial Economy Warrant Enforcement of the Confidential Settlement Agreement.

The *Agreed* Order of Permanent Injunction arose out of the Parties settlement of all claims.  [ECF 72 and 74] "Enforcing the settlement of litigation involves an important public policy absent in Lear: promoting judicial economy and the need to enforce settlement agreements to encourage parties to enter them." *Continental Group, Inc. v. KW Property Mgmt, LLC*, 2020 WL 13356809 *2 (SD Fla. 2020)(citing, *Flex-Foot, Inc. v. CRP, Inc.*, 238 F.3d 1362, 1368 (Fed. Cir. 2001) and *Hemstreet v. Spiegel, Inc.*, 851 F.2d 348, 350 (Fed. Cir. 1988)).  This District has recognized:

> The public policy of the state of Florida highly favors settlement agreements and "will seek to enforce them whenever possible." *See Pinnacle Three Corp.*, 193 So.3d at 976; *Dorson v. Dorson*, 393 So.2d 632, 633 (Fla. 4th DCA 1981). Moreover, "settlements of civil lawsuits merit the greatest protection from judges." *Petracca v. Petracca*, 706 So.2d 904, 911-12 (Fla. 4th DCA 1998) (explaining that "the contracts of capable people are enforced by courts even when the bargain is difficult."). *Id.*

SCHNAIRSOHN went too far overboard in his vehement vitriol about IMS, its officers, directors and employees beyond what was reasonable to defend against the Motion to Enforce the Permanent Injunction and disclosed material terms of the *Confidential* Settlement Agreement.  Thus, justice, judicial economy and public policy

2

would be served if this Court granted the instant Motion.  This Court is well-versed in the procedural and factual background of this matter and the malfeasance attributable to SCHNAIRSOHN.

**B.** **This Court has Ancillary Jurisdiction to Enforce the Confidential Settlement Agreement.**

SCHNAIRSOHN's primary position is that this Court does not have jurisdiction to enforce the provisions of the Confidential Settlement Agreement because it did not issue an order retaining jurisdiction prior to the case being dismissed.

While federal courts are courts of limited jurisdiction, there are exceptions to this general rule. "One such exception, the doctrine of ancillary jurisdiction, 'recognizes federal courts' jurisdiction over some matters (otherwise beyond their competence) that are ***incidental to other matters properly before them***.'" (Emphasis added) *Am. Fed'n of State, Cnty., & Mun. Employees (AFSCME) Council 79 v. Scott*, 949 F. Supp. 2d 1239, 1242 (S.D. Fla. 2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). "Ancillary jurisdiction rests on the premise that a federal court acquires jurisdiction of a case or controversy in its entirety and may extend to claims having a factual and logical dependence on the primary lawsuit." *Id*. at 1243. "The basis of the doctrine of ancillary jurisdiction is the practical need to protect legal rights or effectively to resolve an entire, logically entwined lawsuit." *Id*. at 1243. (*citing to Peacock v. Thomas*, 516 U.S. 349, 355, 116 S.Ct. 862, 133 L.Ed.2d 817 (1996)). The Supreme Court in *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994) described ancillary

3

jurisdiction as a way to enable the court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees.

In determining whether to exercise ancillary jurisdiction, the following four factors must be considered: "(1) an ancillary matter should arise from the transaction that was the basis of the principal proceeding, during the course of the principal proceedings, or as an integral part of the main proceeding; (2) the federal court should be able to determine the matter without a substantial new fact-finding proceeding; (3) failing to determine the matter should not deprive a party of any important procedural or substantive right; and (4) the matter should be decided if necessary to protect the integrity of the principal proceeding or insure that its disposition is not frustrated." *Id*.

1. *This Matter is an Integral Part of the Main Proceeding.*

The Confidential Settlement Agreement is inherently an integral part of this proceeding. Following the initiation of this action, the Parties proceeded to mediation on or about September 28, 2024, which resulted in IMS and SCHNAIRSOHN entering into the Confidential Settlement Agreement to resolve this matter and the claims brought herein. On October 1, 2024, the Parties notified the Court as follows [ECF 74]: "[The Parties] hereby give notice of filing the Proposed Agreed Permanent Injunction (Exhibit "A"), **pursuant to settlement of this matter** [ECF No. 72]." (Emphasis added). The Confidential Settlement Agreement was an integral and material condition for the settlement of this case and the entrance of the *Agreed* Permanent Injunction.

Accordingly, the Confidential Settlement Agreement involves the same parties, material facts, issues, and claims. Furthermore, the enforcement of the permanent injunction entered by this Court on October 3, 2024, which is presently being litigated alongside the Confidential Settlement Agreement, concerns the same disclosures and disparaging statements made by SCHNAIRSOHN that the enforcement of the Confidential Settlement Agreement seeks to address and remedy.  As such, this matter arises from the same transaction that was the basis of the principal proceeding, arose during the course of the principal proceeding, and is an integral part of the main proceeding.

2. ***This Matter would not Require Substantial New Fact-Finding.***

In light of the foregoing, this matter would not require any substantial new fact-finding. Because the Confidential Settlement Agreement was intended to fully resolve this matter in its entirety, it involves the same parties, issues, claims, and facts already before and well known to this Court.

3. ***Failing to Determine the Matter could Affect the Parties' Procedural or Substantive Rights.***

IMS and SCHNAIRSOHN are both parties to the Confidential Settlement Agreement and thus the enforcement or non-enforcement of same would directly and materially affect their respective rights. While IMS may be free to pursue any claims at law before a Florida court of general jurisdiction, this Court is already well-acquainted with the facts and circumstances of the case, the parties' involved, and has directly

5

observed their conduct, including SCHNAIRSOHN's violations of the Confidential Settlement Agreement. Moreover, this Court entered the permanent injunction (a critical and negotiated term of the settlement), which addresses the same disputes that the enforcement of the Confidential Settlement Agreement seeks to redress.

### 4. *Resolution is Necessary for the Principal Proceeding.*

The enforcement of the Confidential Settlement Agreement must be adjudicated to protect the integrity of the underlying litigation and to ensure that its disposition is not frustrated. In *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994), the Supreme Court did not find ancillary jurisdiction to be appropriate because the facts of the underlying case and those underlying its claim for breach of settlement agreement had nothing to do with each other. By contrast, the facts of the underlying case and those underlying SCHNAIRSOHN's breaches of the Confidential Settlement Agreement are intertwined and dependent on one another. For instance, the Complaint brought causes of action against SCHNAIRSOHN for defamation and tortious interference arising from SCHNAIRSOHN's efforts to spread false information about IMS and damage IMS's reputation. As outlined in IMS's Motion to Enforce the Confidential Settlement Agreement and for Sanctions [ECF 86], SCHNAIRSOHN breached the Confidential Settlement Agreement by making certain statements and engaging in certain conduct regarding IMS. The enforcement of the Confidential Settlement Agreement clearly has a factual and logical dependence on the primary lawsuit.

6

Each factor of this test supports this Court's exercise of ancillary jurisdiction over the enforcement of the Confidential Settlement Agreement. Such ancillary jurisdiction is limited to purely enforcing the terms of the Confidential Settlement Agreement necessary to enable the court to function successfully, vindicate its authority, and effectuate its decrees. *See Managed Care Advisory Grp., LLC v. CIGNA Healthcare, Inc.*, 939 F.3d 1145, 1156 (11th Cir. 2019) (if a court retains jurisdiction over a settlement agreement, it retains ancillary jurisdiction to enforce the agreement only where necessary "to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees.") (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380 (1994)).

### C. **The Confidentiality Provisions of the Confidential Settlement Agreement were Violated.**

Alarmingly, SCHNAIRSOHN not only cited to specific terms and mischaracterized certain provisions, but he also filed the Confidential Settlement Agreement in its entirety.

Despite the foregoing, SCHNAIRSOHN attempts to argue that the Confidentiality provisions of the Confidential Settlement Agreement were not violated. SCHNAIRSOHN first contends that Paragraph 12 of the Confidential Settlement Agreement was not violated because the terms were disclosed to a government authority, namely, this Court. For the sake of argument, Paragraph 12 provides that SCHNAIRSOHN may disclose the terms of the Confidential Settlement Agreement to

7

government authorities *as required by law*. This Court did not require SCHNAIRSOHN's disclosure via court order or subpoena, nor was it necessary for SCHNAIRSOHN to make defamatory statements or reveal the terms of the Confidential Settlement Agreement in order to defend this action. Additionally, Paragraph 12(B) of the Confidential Settlement Agreement provides that if SCHNAIRSOHN is required to disclose the Agreement or its terms, he shall notify IMS in writing via email within 24 hours of his receipt of such court order or subpoena. SCHNAIRSOHN never notified IMS of his alleged mandated disclosure of the Confidential Settlement Agreement to this Court. In fact, SCHNAIRSOHN failed to notify IMS prior to his intentional and willful disclosure of the Confidential Settlement Agreement to this Court in general.

Next, SCHNAIRSOHN argues that IMS did not indicate any third parties who either directly or indirectly viewed the Confidential Settlement Agreement before it was sealed. The mere act of filing a document on a court's electronic filing system is not consistent with keeping information confidential. "The website sets forth a separate procedure for filing a motion under seal, and that procedure does not include an option for electronic filing. We think it is fair to presume in this day and age that every attorney understands that an electronic filing is immediately available to the public and is not a sealed document." *Baella-Silva v. Hulsey*, 454 F.3d 5, 11–12 (1st Cir. 2006). Accordingly, the very essence of disclosure is present in this case, even if no third party viewed it. *See Id*. at 11.

CADOGAN LAW | 1200 S. PINE ISLAND ROAD, SUITE 370 | PLANTATION, FL 33324 | T: 954.606.5891 | WWW.CADOGANLAW.COM

SCHNAIRSOHN indeed breached the Confidentiality provisions set forth in Paragraph 12 of the Confidential Settlement Agreement in at least five (5) different instances. His rationalizations for its disclosure are without merit and directly contradict the terms outlined in the Confidential Settlement Agreement.

D. **Litigation Privilege Does Not Apply where there is No Basis for Violative Conduct.**

SCHNAIRSOHN again argues that his violations of the Confidential Settlement Agreement evidenced in his State Court Counterclaim and response filed on August 17, 2025 [ECF 83] fall within the scope of the litigation privilege. SCHNAIRSOHN is not entitled to protection from the litigation privilege because it does not apply under these circumstances, wherein he made unnecessary defamatory and malicious statements, disclosures, and filed frivolous claims having full knowledge that it went against the terms and provisions of the Confidential Settlement Agreement.

In *Rhonda Hollander, P.A. v. Fortunato*, 305 So. 3d 344 (Fla. 3d DCA 2020), the district court concluded that the litigation privilege did not apply where respondent alleged in the trial court that petitioners violated section 559.72, Florida Statutes (2014) by sending threatening collection letters demanding payment of maintenance assessments, interest, late charges, and attorney's fees (collectively "dues") pursuant to the subject Declaration, despite having actual knowledge that the Declaration was expired and unenforceable under the provisions of Florida's Marketable Record Title Act, Florida Statute, Chapter 712. Thus, petitioners had no basis to proceed with the collection of these dues. *Id*. at 345.

9

Similarly, SCHNAIRSOHN had no basis to proceed with the State Court Counterclaim, to make disparaging comments in support of it, or to disclose the terms of the Confidential Settlement Agreement in either the State or Federal proceedings. SCHNAIRSOHN was fully aware of the terms and obligations set forth in the Confidential Settlement Agreement, including its confidentiality, non-disparagement, and release provisions. Namely, pursuant to the plain language of the Confidential Settlement Agreement, SCHNAIRSOHN expressly released any claims he might have had against IMS. Despite this, he deliberately filed a frivolous State Court Counterclaim and unnecessarily made malicious and defamatory statements in service of same. SCHNAIRSOHN could have easily defended himself in State and Federal Court without breaching the confidentiality or non-disparagement obligations of the Confidential Settlement Agreement. Having engaged in conduct that was intentional, unjustified, and in willful disregard of the Confidential Settlement Agreement, SCHNAIRSOHN cannot now invoke the litigation privilege as a shield for his misconduct.

## II.   CONCLUSION

WHEREFORE, IMS respectfully requests that this Court enforce the Parties' Confidential Settlement Agreement, award IMS its attorneys' fees under Paragraph 17 of the Confidential Settlement Agreement, liquidated damages in the amount of $5,000.00 for the five (5)  instances SCHNAIRSOHN breached the terms in Paragraph 12 of the Confidential Settlement Agreement, liquidated damages in the amount of $31,000.00 for

CADOGAN LAW  |  1200 S. PINE ISLAND ROAD, SUITE 370  |  PLANTATION, FL 33324  |  T: 954.606.5891  |  WWW.CADOGANLAW.COM

the thirty-one (31) instances SCHNAIRSOHN breached the terms in Paragraph 13 of the Confidential Settlement Agreement, enter an Order entitling Plaintiff to its fees and costs, order SCHNAIRSOHN to disgorge the settlement funds, and issue sanctions under the Court's inherent authority, upon SCHNAIRSOHN and anyone acting in concert with him, for the willful, intentional, and malicious disclosure of the Parties' Confidential Settlement Agreement.

Dated: November 10, 2025                    Respectfully submitted,


By:     /s/ *Madison A. Heckman*
        GINA MARIE CADOGAN
        Fla Bar No: 177350
        MADISON A. HECKMAN
        Fla. Bar. No.: 1050048
        CADOGAN LAW
        1200 S. Pine Island Road, Suite 370
        Plantation, Florida 33324
        Telephone: 954.606.5891
        Facsimile: 877.464.7316
        Email: gina@cadoganlaw.com
        Email: madison@cadoganlaw.com
        Email: tyler@cadoganlaw.com

11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 10TH day of November 2025, that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:     /s/ *Madison A. Heckman*
MADISON A. HECKMAN
Fla Bar No: 1050048

### SERVICE LIST
*Intra Management Solutions, Inc. v. Eric Schnairsohn*
**USDC Case No: 0:24-CV-61334-DSL/PAB**

Scott M. Behren, Esq.
Behren Law Firm
1930 N. Commerce Parkway, Ste. 4
Weston, FL 33326
scott@behrenlaw.com
scott.behren@gmail.com
*[Electronic Service]*

CADOGAN LAW | 1200 S. PINE ISLAND ROAD, SUITE 370 | PLANTATION, FL 33324 | T: 954.606.5891 | WWW.CADOGANLAW.COM