UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-cv-61334-LEIBOWITZ

INTRA MANAGEMENT SOLUTIONS, INC.,

　　　*Plaintiff,*

*v.*

ERIC SCHNAIRSOHN,

　　　*Defendant.*

_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion to Enforce the Confidential Settlement Agreement and for Sanctions ("the Motion") [ECF No. 86], filed on October 13, 2025. Defendant filed a response [ECF No. 93], and Plaintiff filed a reply [ECF No. 95].

## BACKGROUND

This action arises from a dispute between Intra Management Services, LLC ("Plaintiff" or "IMS") and Eric Schnairsohn ("Defendant" OR "Schnairsohn"), a former employee of IMS, concerning Schnairsohn's extensive history of defamation, harassment, and interference with business relations. [*See generally* ECF No. 1]. On October 1, 2024, the parties notified the Court that they had reached a settlement of the dispute ("the Settlement Agreement") and filed a Proposed Agreed Permanent Injunction. [ECF No. 74]. Among other things, the Settlement Agreement included non-disparagement provisions largely duplicative of the conduct prohibited under the Court's Permanent Injunction and confidentiality provisions generally prohibiting its disclosure to third parties except under certain narrow circumstances and included a liquidated damages clause applicable to breaches of the confidentiality provisions. [*See* ECF No. 83-2]. The Court entered the proposed injunction

1

("the Permanent Injunction") on October 2, 2025, in which it noted that it would "retain[] jurisdiction to enforce this Permanent Injunction." [ECF No. 75 at 4].

On December 2, 2024, Michael and Demi Boyd, two employees of IMS, filed suit against Schnairsohn in the Circuit Court for Broward County asserting a claim for defamation *per se*. *See Michael Boyd and Demi Boyd v. Eric Schnairsohn*, Case No. CACE-24-017242. On May 11, 2025, Schnairson filed an answer and counterclaim in which he made several allegations concerning the Boyds and IMS and the alleged use of drugs and racial epithets in the workplace. [ECF No. 80-1 at 4–7].

On July 24, 2025, Plaintiff filed a motion seeking to enforce the permanent injunction and settlement agreement against Schnairsohn based on his conduct in the state court action. [ECF No. 80]. Schnairsohn attached the Confidential Settlement Agreement in full as an exhibit to his response, which he filed on the public docket in this matter. [ECF No. 83-2]. In its reply, Plaintiff argued that Defendant had breached the Settlement Agreement's confidentiality provisions and asked this Court to enforce the Settlement's liquidated damages clause. [ECF No. 84 ¶¶ 19–25]. The Court denied the motion as to Plaintiff's request to enforce the Settlement Agreement and Permanent Injunction, finding Defendant's allegations in the state court action were protected by the litigation privilege. [ECF No. 85 at 4–5]. The Court also denied Plaintiff's request for liquidated damages for Defendant's alleged breach of the Settlement Agreement's confidentiality provisions, finding that the Court could not grant relief sought for the first time in a reply. [*Id.* at 5–6]. The Court granted Plaintiff leave to file a separate motion seeking relief related to the Settlement Agreement's confidentiality provisions. [*Id.* at 6]. On October 13, 2025, Plaintiff filed the instant Motion, seeking liquidated damages pursuant to the confidentiality provisions of the Settlement Agreement as well as damages for breach of the Settlement Agreement's non-disparagement provisions. [ECF No. 86].

## DISCUSSION

**I.    As to IMS's non-disparagement claims, the Court has already found that Defendant's conduct is protected by the litigation privilege.**

Plaintiff's request for an award of fees and liquidated damages under the Settlement Agreement's non-disparagement provisions has already been adjudicated in this Court's prior order denying Plaintiff's earlier motion and finding that Defendant's conduct was protected by the litigation privilege.  [*See* ECF No. 85 at 5].  As in the instant Motion, Plaintiff's earlier motion argued that Defendant had breached the non-disparagement provisions of the Settlement Agreement.  In rejecting Plaintiff's earlier request for relief, the Court found that Defendant's conduct was protected by the litigation privilege.  [*Id.*].  The Court did not grant leave to Plaintiff to reassert claims related to the non-disparagement provisions, and the Court declines to revisit its prior holding finding that the litigation privilege shields Defendant from liability for representations made in the state court action.

**II.   The Court lacks jurisdiction to enforce the confidentiality provisions of the Settlement Agreement.**

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  In *Kokkonen*, the Supreme Court held as a general rule that a federal district court lacks jurisdiction to enforce the terms of a settlement agreement unless the court explicitly retains jurisdiction to do so in its order dismissing the case or incorporates the terms of the settlement agreement into the dismissal order.  *Id.* at 381; *see also Anago Franchising, Inc. v. Shaz*, LLC, 677 F.3d 1272, 1280–81 (11th Cir. 2012) ("We therefore find that for a district court to retain jurisdiction over a settlement agreement where the parties dismiss the case by filing a stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii), either (1) the district court must issue the order retaining jurisdiction under Kokkonen prior to the filing of the stipulation, or (2) the parties must condition the effectiveness of the stipulation on the district court's entry of an order retaining jurisdiction.").  Here, as in *Kokkonen*, Plaintiff seeks to enforce the

terms of the Settlement Agreement absent any explicit representation by this Court that it would retain jurisdiction over the Settlement Agreement. This Court indicated that it would retain jurisdiction to enforce the terms of the Permanent Injunction—not the Settlement Agreement—and did not other incorporate the terms of the Settlement Agreement into the order entering the agreed Permanent Injunction. As such, *Kokkonen* effectively decides this case. The Court lacks jurisdiction to hear this Motion, and the Motion must be dismissed.

*Kokkonen* itself bars Plaintiff's attempts to circumvent the Supreme Court's instruction on this issue. Plaintiff first argues that this Court possesses "inherent power" to enforce the Settlement Agreement. [ECF No. 86 at 5]. However, the Court in *Kokkonen* explicitly held that a district court lacks inherent power to enforce the terms of a settlement agreement (absent the special conditions noted above) in overruling the findings of the district court and the Ninth Circuit's affirmance, both of which appeared to base their rulings on the district court's inherent power. *Kokkonen,* 511 U.S. at 380 ("We think, however, that the power asked for here is quite remote from what courts require in order to perform their functions.").

Plaintiff next argues in reply that this Court may assert ancillary jurisdiction over claims to enforce the terms of the Settlement Agreement. [ECF No. 95 at 3]. Again, *Kokkonen* has already resolved that argument in Defendant's favor. There, the Court explained that ancillary jurisdiction has been invoked "for two separate, though sometimes related, purposes: (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent, and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen,* 511 U.S. at 379–80 (internal citations omitted). On the facts at issue in *Kokkonen*, "[n]either of the[] heads support[ed] the . . . assertion of jurisdiction." *Id.* at 380.

To be sure, *Kokkonen* does not categorically prohibit the exercise of ancillary jurisdiction over motions to enforce the terms of a settlement agreement. The Court's conclusion that it would have

been improper to exercise ancillary jurisdiction in that case rested in part on its finding that "the facts underlying respondent's dismissed claim for breach of agency agreement and those underlying its claim for breach of settlement agreement have nothing to do with each other; it would neither be necessary nor even particularly efficient that they be adjudicated together." *Id.* Plaintiff argues that the present case is distinguishable from *Kokkonen* because here Plaintiff's substantive claims for defamation and tortious interference are related to its claim for breach of the Settlement Agreement's confidentiality provisions because Plaintiff's substantive claims related to Schnairsohn's "efforts to spread false information about IMS and damage IMS's reputation" and Schnairsohn has now "breached the Confidential Settlement Agreement by making certain statements and engaging in certain conduct regarding IMS." [ECF No. 95 at 6].

The Court is not convinced. The mere fact that Schnairsohn "ma[de] certain statements and engag[ed] in certain conduct regarding IMS" falls far short of the close factual nexus contemplated by the Court in *Kokkonen*. What Plaintiff has failed to show is that its substantive claims and its claim for breach of the settlement agreement are "factually interdependent." *Kokkonen*, 511 U.S. at 379. In point of fact, Plaintiff's motion to enforce the settlement agreement is wholly unrelated to its earlier substantive claims. The disclosure of the Settlement Agreement is not in itself defamatory, and Plaintiff has not argued that the disclosure somehow implicates facts underlying its claim for tortious interference. Moreover, the fact that Plaintiff's Motion is laden with assertions concerning Schnairsohn's conduct in the state court action does not bring this Motion within the ambit of the Court's ancillary jurisdiction under *Kokkonen*. Even if those assertions serve as helpful atmospherics, they have nothing to do with the basic issue underlying this Motion, whether Schnairsohn breached the Settlement Agreement's confidentiality provisions. As in *Kokkonen*, "it would neither be necessary nor even particularly efficient that they be adjudicated together." *Id.* at 380.

5

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that the Motion

**[ECF No. 86]** is **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida on November 26, 2025.

**DAVID S. LEIBOWITZ**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record